**DICKINSON WRIGHT PLLC**
Cynthia L. Alexander, Esq.
Nevada Bar No. 6718
Email: calexander@dickinson-wright.com
Taylor Anello, Esq.
Nevada Bar No. 12881
Email: tannello@dickinson-wright.com
8363 West Sunset Road, Suite 200
Las Vegas, Nevada 89113-2210
Tel: (702) 550-4400
Fax: (702) 382-1661
*Attorneys for Plaintiff/Counterdefendant
Flagstar Bank, FSB*

# IN THE UNITED STATES DISTRICT COURT

# DISTRICT OF NEVADA

| | |
|---|---|
| FLAGSTAR BANK, FSB, a federal savings bank,<br><br>Plaintiff,<br><br>vs.<br><br>Special Administrator or Personal Representative for THE ESTATE OF TARJE KNUTE GRIMSTAD; THE COVES HOMEOWNERS ASSOCIATION a Nevada corporation; SATICOY BAY LLC SERIES 300 CROSSWIND, a Nevada limited liability company; ALESSI & KOENIG, LLC, a Nevada limited liability company; and DOES 1 through 10, inclusive,<br><br>Defendants.<br><br>SATICOY BAY LLC SERIES 300 CROSSWIND,<br><br>Counterclaimant,<br><br>v.<br><br>FLAGSTAR BANK, FSB, a federal savings bank,<br><br>Counterdefendant. | Case No.: 2:18-cv-00796-RFB-NJK<br><br>[PROPOSED] STIPULATED PROTECTIVE ORDER |

1

DICKINSON WRIGHT PLLC
8363 West Sunset Road, Suite 200
Las Vegas, Nevada 89113-2210

| | |
|---|---|
| SATICOY BAY LLC SERIES 300 CROSSWIND, | |
| Crossclaimant | |
| v. | |
| Special Administrator of Personal Representative for THE ESTATE OF TARJE KNUTE GRIMSTAD, | |
| Crossdefendants. | |

Pursuant to Fed. R. Civ. P. 26(c), Plaintiff Flagstar Bank, FSB ("Plaintiff"), Defendant/Counterclaimant/Crossclaimnat Saticoy Bay LLC Series 300 Crosswind ("Saticoy Bay") and Defendant The Coves Homeowners Association ("HOA"), through their undersigned counsel of record hereby agree and stipulate (collectively "Parties") hereby stipulate and request that the following Protective Order ("Order") be entered by the Court in the above entitled action.

WHEREAS, it is anticipated that the Parties will be producing documents during the discovery phase of this litigation;

WHEREAS, the discovery procedures in this case may require disclosure of information, either documentary or testimonial or both, that contain sensitive information relating to the Parties' trade secrets, processes, operations, research, know-how or apparatus, identification of customers, amount or source of income, profits, losses, or expenditures, technical or developmental information, or information concerning the Parties' services, marketing, sales, shipments, purchases, pricing, or transfers;

WHEREAS, the Parties have agreed that the documents that contain sensitive information are so numerous that determining protected status on a document by document basis would unduly interfere with the prompt and efficient disposition of this lawsuit;

WHEREAS, in the ordinary course of their respective businesses the Parties make significant efforts to keep such information confidential from competitors, customers, and the public at large, as disclosure of such information would impair its value or place a party at a competitive disadvantage;

2

WHEREAS, the exchange of sensitive information between the Parties and/or third parties other than in accordance with this Order may cause unnecessary damage and injury to the Parties and to others;

WHEREAS, the Parties have agreed upon the terms of this Order; and

WHEREAS, the Court finds that the terms of this Order are fair and just and that good cause has been shown for entry of this Order;

IT IS STIPULATED that under FED.R.CIV.P. 26(c), the terms of this Agreed Protective Order shall apply to, and shall govern, all documents, information, things, discovery responses, testimony, and exhibits provided by a party or a non-party to this action ("the Producing Party") to another party to this action ("the Receiving Party") as set forth below:

**1. Identification of confidential materials**

A. As used herein, the term "CONFIDENTIAL INFORMATION" includes: (i) confidential, proprietary, or commercially sensitive information; and (ii) any information which is not generally known and which the Producing Party would not normally reveal to third parties or would cause third parties to maintain in confidence.

**2. Designation of Confidential Information**

A. The designation of CONFIDENTIAL INFORMATION, whether by a party or a non-party, shall be made by placing on the information, document, or tangible item the legend "CONFIDENTIAL," as appropriate under the terms of Section 1. No party or non-party shall indiscriminately or unreasonably stamp or maintain documents as CONFIDENTIAL,

B. The designation of CONFIDENTIAL INFORMATION, shall be made prior to, or contemporaneously with, the production or disclosure of the information, document, or tangible item. Except as provided in Section 3, in the case of an inspection on premises of documents or things, all documents and things produced for inspection shall be provisionally designated as CONFIDENTIAL INFORMATION, then marked appropriately when copied and physically produced. In the case of depositions, the party or nonparty shall advise all parties in writing of the specific pages of the deposition that shall be designated as CONFIDENTIAL within 14 days

after receipt of the deposition transcript by its counsel (during which period such information shall be considered CONFIDENTIAL INFORMATION.

    C.    The restrictions and obligations set forth in this Agreed Protective Order pertaining to use and disclosure of confidential information shall not apply to information which is public knowledge or has become public knowledge other than as a result of disclosure in violation of this Agreed Protective Order.

**3. Disclosure of Confidential Information**

    A.    CONFIDENTIAL INFORMATION shall not be made available, nor the contents thereof disclosed, to persons other than:

    (i.)    Outside counsel of record for a party and employees of such counsel who have direct functional responsibility for the preparation and trial of the lawsuit;

    (ii.)    Employees of a party, including in-house counsel, required in good faith to provide assistance in the conduct of the litigation in which the information was disclosed and who have executed a declaration in the form attached hereto as Exhibit A;

    (iii.)    The Court, its personnel, jurors and alternate jurors, and court reporters, stenographers and videographers transcribing or recording testimony at depositions, hearings or trial in this action;

    (iv.)    Photocopy, document imaging, and database service providers and consultants retained by outside counsel of record to set up, maintain and/or operate computer systems, litigation databases or to convert data for inclusion in such databases;

    (v.)    Graphics, translation, design, and/or trial consulting service providers, including mock jurors who have agreed to be bound to the terms of this Agreed Protective Order per the declaration attached hereto as Exhibit A, retained by a party, provided that such persons are screened to ensure that no such person is a regular employee or agent of the Receiving Party or a regular employee or agent of a direct competitor of the designating party; and

    (vi.)    Independent consultants, investigators, or experts (hereinafter referred to collectively as "Experts") who are expressly retained by the parties or counsel for the

parties to assist in the preparation and trial of the lawsuit. A party who retains an Expert must notify all other parties in writing of the name of the person(s) to whom disclosure is to be made, providing at that time an executed declaration in the form attached hereto as Exhibit A, together with a current copy of the curriculum vitae of the Expert(s) to whom such disclosure is to be made. No designated information shall be disclosed to any expert until at least five (5) business days have lapsed following the notice of the expected disclosure to the proposed expert. If a party makes a written objection to the proposed Expert within the five day period, no disclosure of designated information may be made to the proposed Expert pending a negotiated, written resolution of the objection or an appropriate, further order of the Court.

B.  Nothing herein shall prohibit the disclosure of confidential information at a deposition, hearing, or trial in this case to (i) representatives of the Producing Party or (ii) a person who is identified on the face of the document that is designated confidential or in an accompanying transmittal as having authored or previously received a copy of the document that is designated confidential.

### 4. Use of Confidential Information

All information, documents, things, etc. designated or reflecting CONFIDENTIAL INFORMATION shall be used solely for the purposes of preparation, trial and appeal of this Action, and for no other purpose, absent further order of the Court.

### 5. Confidential information filed with court

~~Pursuant to L.R.CIV.R. 10(5), the Parties will comply with the Administrative Procedures of the Court governing the physical requirements related to filing documents under seal (i.e., format of electronic media, physical versus electronic filing, etc.). A party submitting a document or portion of a document for filing under seal under a governing statute, rule, or order must note on the face of the document that it or a portion of it is filed under seal under that statute, rule, or order (specifying the statute(s), rule(s) or order(s) relied upon). Any document not covered by such a statute, rule or order and filed with the intention of being sealed must be accompanied by a motion to seal. The document and any confidential memoranda will be treated~~

5

~~as sealed pending the outcome of the ruling on the motion. Any filing unaccompanied by a motion to seal will be treated as a public record. Any motion to seal will be accompanied by a non-confidential supporting memorandum, a notice that identifies the motion as a sealing motion, and a proposed order. A party may also submit a confidential memorandum for in camera review. The non-confidential memorandum and the proposed order will include:~~

~~A. A non-confidential description of what is to be sealed;~~

~~B. A statement of why sealing is necessary, and why another procedure will not~~

See order issued concurrently herewith

~~C. References to governing case law; and~~

~~D. Unless permanent sealing is sought, a statement of the period of time the party seeks to have the matter maintained under seal and how the matter is to be handled upon unsealing.~~

~~E. The proposed order will recite the findings required by governing case law to support the proposed sealing. Any confidential memoranda will be treated as sealed pending the outcome of the ruling on the motion.~~

**6. Challenging Designation of Confidentiality**

Upon motion, any party may bring before the Court the question of whether any particular information is properly designated CONFIDENTIAL INFORMATION. The party asserting confidentiality shall have the burden of establishing its confidentiality and entitlement to protection.

**7. Failure to Designate Confidential Information**

Failure of a party or non-party to designate or mark any document, thing, or testimony as CONFIDENTIAL INFORMATION, as provided above shall not preclude the Producing Party from thereafter in good faith making such a designation and requesting Receiving Party to so mark and treat such documents and things so designated. The Receiving Party, however, shall incur no liability for disclosures made prior to notice of such designations.

**8. Objection to Production of Documents**

The fact that material may be deemed CONFIDENTIAL INFORMATION pursuant to this Agreed Protective Order does not prevent the Producing Party from interposing any objection to its production, other than the fact that the material contains confidential information. That is, a party may still object on the basis of privilege, relevance, work product or any other recognized ground for objection.

**9. Non-Party Subpoenas Requesting Confidential Information**

If a non-party to this action subpoenas or requests information designated CONFIDENTIAL INFORMATION under this Order, the Receiving Party shall not produce such information before providing written notice of the subpoena or request to the Producing Party and the Producing Party has had an opportunity to intervene and/or oppose the non-party's subpoena or request if it chooses. Nothing in this Order prevents a party who receives a subpoena or request from a non-party from disclosing/producing the documents or information that it designated as CONFIDENTIAL INFORMATION.

**10. Return of Confidential Material at the Conclusion of the Action**

Within 60 days after final termination of this litigation, counsel for each of the Parties shall return to the originating source, or certify in writing the destruction of, all Confidential Information and all copies thereof; provided, however, outside counsel of record for each party may retain one copy of each document or thing which such counsel deems necessary for use only with respect to issues which might later arise in matters related to this litigation, provided such counsel notify the opposing counsel of the Confidential Information which is retained and the reason for such retention.

**11. Inadvertent or Unintentional Production of Privileged Material**

A. The inadvertent or unintentional production of information or documents which a party or non-party later claims should not have been produced because of a privilege, including but not limited to the attorney-client privilege, work product privilege, joint defense privilege, and/or settlement privilege ("Inadvertently Produced Privileged Material") will not be deemed to waive any privileges.

B.	Upon discovering disclosure of Inadvertently Produced Privileged Material, the party or non-party shall promptly request the return of any Inadvertently Produced Privileged Material. Prior to the receipt of such notice, disclosure to persons not authorized to receive such information shall not be deemed a violation of this Protective Order and shall not be deemed to be a waiver of any privilege held by the Producing Party. Upon receiving such request, the Receiving Party(ies) shall not use or disclose, and shall immediately cease any prior use of, such materials and shall promptly destroy all copies of the Inadvertently Produced Privileged Material.

C.	Within 14 calendar days of informing the Receiving Party of the inadvertent disclosure, the Producing Party shall identify the item or items of information on a privilege log and shall provide a replacement, redacted to obscure only the privileged or immune information, for any item that contains both privileged or immune and relevant non-privileged information. The return or destruction of any Inadvertently Produced Privileged Material shall not preclude the Receiving Party(ies) from moving the Court for an order compelling production of the Inadvertently Produced Privileged Material on a basis other than a waiver caused by the inadvertent or unintentional production. The Receiving Party may retain one copy of such document or thing for the sole purpose of challenging the Producing Party's claim of privilege.

**12. Future Representation by Counsel**

It is not the intent of the Parties, or of the Court, that an attorney or law firm that acquires knowledge of or is given access to CONFIDENTIAL INFORMATION pursuant to this Order should thereby be disqualified from other representations adverse to the producing party solely because of such knowledge or access.

/ / /

/ / /

### 13. Counsel Rendering Advise to Their Clients

Nothing in this Order shall prevent or otherwise restrict counsel from rendering advice to their clients and, in the course thereof, relying generally on material designated CONFIDENTIAL INFORMATION, provided however, that in rendering such advice counsel shall not disclose, reveal, or describe the content of any material so designated except insofar as allowed (if allowed at all) under the terms of this Order.

| | |
|---|---|
| Dated September 4, 2018 | Dated September 4, 2018 |
| DICKINSON WRIGHT, PLLC | Boyack Orme & Anthony |
| By: _/s/ Cynthia L. Alexander, Esq._<br>Cynthia L. Alexander, Esq.<br>Nevada Bar No. 6718<br>Taylor Anello, Esq.<br>Nevada Bar No. 12881<br>8363 West Sunset Road, Suite 200<br>Las Vegas, Nevada 89113-2210<br>*Attorneys for Plaintiff/Counterdefendant Flagstar Bank, FSB* | By: _/s/ Colli McKiever, Esq._<br>Edward Boyack<br>Colli Christine McKiever<br>7432 W. Sahara Avenue<br>Suite101<br>Las Vegas, NV 89117<br>702-562-3415<br>*Attorneys for Defendant The Coves Homeowners Association* |

Dated September 4, 2018

Law Offices of Michael F. Bohn, Esq., Ltd.

By: _/s/ Michael F. Bohn, Esq._
MICHAEL F. BOHN, ESQ.
2260 Corporate Circle
Suite 480
Henderson, NV 89074
(702) 642-3113
*Attorney for Saticoy Bay LLC Series 300 Crosswind*

IT IS SO ORDERED:

DATED: September 5, 2018    By: _____
United States Magistrate Judge